United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10605
Summary Calendar

SU-INN HO,

Plaintiff-Appellant,

versus

CHARLES MILLER, Chairman of Board of Regents
The University of Texas System; ROBERT E. WITT,
President The University of Texas at Arlington;
PHILIP COHEN, dean of the Graduate School The
University of Texas at Arlington; RICHARD B.
TIMMONS, Chairman of the Department of Chemistry
Department Professor of the Chemistry Department
The University of Texas at Arlington; KRISHNAN
RAJESHWAR, Professor of the Chemistry Department
The University of Texas at Arlington; REED J. BLAU,
Assistant Professor of the Chemistry Department The
University of Texas at Arlington a resident of Cache
County, Utah,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-85-A
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Su-Inn Ho appeals the summary judgment in favor of the

defendants on her civil rights action dismissing her civil rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and tort claims regarding her dismissal from the doctoral chemistry program at the University of Texas at Arlington and the misdeeds of the individual defendants during a prior state lawsuit challenging her failure to obtain her doctoral degree. To the extent that Ho is challenging the proceedings in the prior state court action, those claims are "inextricably intertwined" with the state court's judgment, and the district court lacked jurisdiction to consider the allegations under the Rooker-Feldman[**] doctrine.  Ho's attempts to challenge the propriety of the ruling in her first civil action by the federal district court is also improper.  To the extent that Ho is repeating her challenges to her dismissal from the university's doctoral program, her claims are barred by the doctrine of *res judicata*. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir.1983)(en banc).  The judgment of the district court is therefore AFFIRMED.

---

[**]   Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).